IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MICHAEL WAGGONER,      *
Reg. #44210-008,      *
    *
       Petitioner,      *
v.      *      No. 2:23-cv-00206-JJV
    *
GARRETT, Warden,      *
FCC – Forrest City,      *
    *
       Respondent.      *

## MEMORANDUM AND ORDER

## I.      INTRODUCTION

Petitioner Michael Waggoner, an inmate at the Federal Correctional Institution – Forrest City Medium, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*. (Doc. No. 1.)   He alleges the Bureau of Prisons ("BOP") improperly deducted $691.63 from his inmate account to be applied toward his court-ordered financial obligations.  (*Id*. at 1-3.)   For relief, he asks that the BOP be ordered to return the funds.  (*Id*. at 5.)   Now pending before the Court are Respondent Garrett's Motion and Amended Motion to Dismiss for Failure to State a Claim.  (Doc. Nos. 8, 9.)   Mr. Waggoner has filed a Response (Doc. No. 12), and the matter is ripe for decision.  After careful review, and for the following reasons, I find the Motion and Amended Motion to Dismiss must be GRANTED.   Mr. Waggoner's Petition for Writ of Habeas Corpus is dismissed for failure to state a claim.

## II.      FACTS

Mr. Waggoner is serving a life sentence imposed in 2000 in the United States District Court for the District of Arizona.  (Doc. No. 9-1.)   The judgment included a fine of $10,000 and a

special assessment of $300.   (*Id*. at 2.)   According to Mr. Waggoner, he was initially ordered by the sentencing court to pay $25 per quarter toward these obligations.   (Doc. No. 1 at 1.)   But in November 2022, a case manager at the FCI – Forrest City presented him with a plan under the Inmate Financial Responsibility Program ("IFRP") that would have increased his payments.   (*Id*.) Mr. Waggoner says he declined to participate in the new plan and the case manager said he would be placed in "refuse" status.   (*Id*.)

However, on December 8, 2022, an IFRP payment of $561.82 was withdrawn from Mr. Waggoner's account.   (*Id*. at 2.)   Mr. Waggoner says the case manager acknowledged the mistake and said it would be corrected.   (*Id*.)   On January 4, 2023, another IFRP payment, this one in the amount of $129.81, was withdrawn from his account.   (*Id*.)   According to Mr. Waggoner, the case manager again acknowledged the mistake and said the funds would be returned.   (*Id*.)   Mr. Waggoner was subsequently placed in "refuse" status and no more funds were withdrawn; however, the funds already withdrawn were not returned.   (*Id*.)   In response to Mr. Waggoner's Request for Administrative Remedy, the Acting Complex Warden informed him the funds would not be returned because they had been applied to his restitution obligation.   (Doc. No. 1 at 10.)

## III.   ANALYSIS

The United States Court of Appeals for the Eighth Circuit has held that claims challenging a payment schedule under the IFRP are claims concerning the execution of one's sentence; therefore, they are "correctly framed as § 2241 claims brought in the district where the sentence is being carried out."   *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002).   However, Mr. Waggoner does not challenge a payment schedule here; he acknowledges he was placed on "refuse" status and no withdrawals have been made since.   The only relief he seeks in this action is return of the funds already withdrawn from his account.   (Doc. No. 1 at 5.)   As Respondent

points out, "damages are not an available habeas remedy."  *Nelson v. Campbell*, 541 U.S. 637, 646 (2004).

Specifically, courts have found that a claim for reimbursement of IFRP payments does not satisfy § 2241's requirement that a prisoner be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  *See, e.g.*, *Melot v. Willis*, 2018 WL 11475524, at 8 (W.D. Tex. Feb. 21, 2018); *Yaromich v. Hufford*, 2013 WL 1933019, at 1 (M.D. Penn. May 9, 2013) (§ 2241 is "not an appropriate cause of action in which to seek reimbursement from the Bureau of Prisons for past payments from the IFRP account").  Additionally, where, as here, the funds have already been applied to a prisoner's court-ordered financial obligation, they are not available to be reimbursed:

> [R]eimbursement is impossible.  Although the IFRP is a means for the BOP to collect criminal monetary penalties imposed by the judiciary, the BOP does not keep the funds collected.  Instead, the funds are delivered [to] the District Court Clerk.  Therefore, the BOP no longer has the funds collected from the petitioner through the IFRP.

*Melot*, 2018 WL 11475524 at 8 (quoting *Dobbins v. Deboo*, 2009 WL 3584004, at 6 (N.D. W. Va. Oct. 28, 2009), *aff'd*, 412 Fed. App'x 561 (4th Cir. 2011)); *see also Yaromich*, 2013 WL 1933019 at 1.  When it is impossible for a court to grant the relief requested, a case is moot.  *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)) (if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed under Fed. R. Civ. P. 12(b)(6)).

For these reasons, Mr. Waggoner's Petition for Writ of Habeas Corpus must be dismissed.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

3

1.  Respondent's Motion and Amended Motion to Dismiss for Failure to State a Claim (Doc. Nos. 8, 9) are GRANTED.

2.  Mr. Waggoner's Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED without prejudice and the requested relief is DENIED.

  SO ORDERED this 15th day of March 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE